Dear Mr. Wall:
This office is in receipt of your request for an opinion of the Attorney General in regard to the position of Mayor for the City of Baker. Your ask whether the office of Mayor is considered a full time or part time position, and what is considered "full time" as it relates to public employees, particularly the office of Mayor.
We note in the Home Rule Charter that Article III, Sec. 3-01 provides that "The Mayor shall be the executive officer of the city. All executive and administrative authority shall be exercised by and through the mayor except as set forth in this Charter." It is further provided that he shall be elected for a four year term and shall hold no other public office except as a notary public or member of military reserve.
Thereafter, in Sec. 3-04, Salary, it provides in part "when the population of the city reaches twenty-five thousand (25,000) persons as determined by any regular or special census, then the mayor shall become a full-time official" with a minimum salary of ten thousand dollars unless changed by ordinance. However, the section further provides that "the council may make the mayor a full-time official at any time at a salary established by ordinance", and once "the mayor shall have been made a full-time official of the city he shall remain as a full-time official".
Our inquiry to the Department of Economic Development indicates the population of the City of Baker is approximately 13,400, and unless there is an ordinance that makes the mayor a full-time official, we would conclude the intent of the charter is that the position of mayor would be part time until the population reaches twenty-five thousand.
In regard to your request for a definition of "full time", we find Atty. Gen. Op. 91-417 responded to how many hours constituted full-time employment as follows:
 Both federal and state law have established full-time employment as 40 hours per week. An example of this is state civil service rule 11.1(a) ". . . the work week for each full-time employee in the classified service shall be forty (40) hours.
We do recognize that this office has noted with regard to the Federal Law that the Fair Labor Standards Act, 29 U.S.C. § 207(a), provides no employee shall work longer than forty hours a week unless he receives compensation at a rate of not less than one and one-half times the regular rate at which he is employed with the exception of fire protection and law enforcement activity, Atty. Gen. OP. Nos. 00-480, 00-118. However, we do not find that "full-time" employment for all positions of public employment is set at forty hours, but find some require less and others more.
R.S. 33:1994 and R.S. 33:2213 are relative to the maximum hours of work required by persons engaged full time by municipal fire departments, and those of police departments except those above captain, and provide the "maximum" hours required shall be forty-two and forty hours respectively. R.S. 33:3031, in regard to Business Inducement Zones, provides "full time employment" means employment in a job to work not less than thirty-five hours per week. Additionally, the dual office holding statute, R.S. 42:62(4) and (5) provides that "full-time" means the period of time which a person works in an appointive office or employment and is "at least seven hours per day of work and at least thirty-five hours per week", whereas a part-time position is less than the number of hours of work defined as full time, but we note this does not apply to elected positions.
Although these statutes make reference to "full-time" employment for the limited situations of the particular statutes, we do not find any general state statute that defines "full time" employment.
Accordingly, finding no general state statute defining "full-time employment", we would conclude that full time employment for a public employee that is not in civil service, the fire protection or law enforcement activity, would be that established by the agency's administration for the position.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
DATE RECEIVED: July 2, 2001
DATE RELEASED: September 6, 2001